## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Rodney Napier,

      Plaintiff,               Civil Action No.: 11-CV-13057

      vs.                  District Judge Stephen J. Murphy, III

                               Magistrate Judge Mona K. Majzoub

County of Washtenaw, a Municipal
Corporation and public body, Sgt. [FNU]
Jackson, in his individual capacity,
Officer Scott Campbell, in his individual
capacity, jointly and severally,

      Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL [23] AND DEFENDANTS' MOTION FOR PROTECTIVE ORDER [19], AND DENYING PLAINTIFF'S MOTION TO COMPEL, FOR ORAL ARGUMENT, AND FOR AN EXPEDITED HEARING [36] AND DEFENDANTS' MOTION FOR PROTECTIVE ORDER [34]

This matter comes before the Court on Defendants' Motion for Protective Order (docket no. 19), Plaintiff's Motion to Compel All Documents and Things in Response to His First Request for Production of Documents (docket no. 23), Defendants' Motion for Protective Order and to Extend Certain Deadlines (docket no. 34), and Plaintiff's Motion to Compel Production of Witnesses, for Oral Argument on All Pending Motions, and for an Expedited Hearing on These Motions (docket no. 36). The Parties have filed Responses and Replies to each others' Motions (docket nos. 24, 29, 33, 38, 40, and 41.) The Parties then filed Joint Statements of Resolved and Unresolved Issues with regard to the outstanding motions. (Docket nos. 31 and 43.) The parties have fully briefed the motions; the Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern

District of Michigan Local Rule 7.1(f)(2).[1]  The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

## I.      Background

Plaintiff filed this action under 28 U.S.C. § 1983 alleging a Fourth Amendment violation for the use of excessive force and supervisory liability, a Fourteenth Amendment violation for impeding his access to the court and his due process rights, and a state-law claim for assault and battery.  (*See* docket no. 6.)  Plaintiff's claims arise out of an alleged assault cause by Defendant Campbell while Plaintiff was in custody at the Washtenaw County Jail.  (*Id.*)  In short, Plaintiff claims that Defendant Campbell used excessive force while he was in custody; that Defendant Jackson is liable for a failure to properly supervise, train, or discipline Defendant Campbell; that Defendant Washtenaw "established, promulgated, implemented, and maintained the . . . customs, policies, or practices" that caused the violation; and that Defendant Washtenaw allowed Defendant Jackson to deliberately destroy evidence that would have supported Plaintiff's claims.  (Docket no. 24 at 1-2.)

The Parties have fully set forth (several times in their various motions, responses, and replies) the factual history of discovery in this matter as it relates to the instant motions, and there appears to be no factual dispute with regard to the events in question.  In relevant part, Plaintiff sent his First Request for Production and First Set of Interrogatories to Defendants on March 13, 2012.  (*See* docket no. 23 at 2.)  Approximately one week after Defendants' responses were due, Defendants contacted Plaintiff and requested an extension until May 4, 2012.  (*See id.* at 3.)  Plaintiff

---

[1]Therefore, although Plaintiff requests oral argument and an expedited hearing on these motions, the Court will deny those requests as moot.

2

informed Defendants that they would agree to the extension, but he expected Defendants to provide "complete responses without objections, pursuant to [Fed. R. Civ. P.] 33(b)(2) and 34(b)(2)(A)." (Docket no. 23-4 at 1-2; docket no. 23-5.)

On May 7, 2012, Defendants provided several responses to Plaintiff's discovery requests. (*See* docket no. 23 at 3.)  And on May 17, 2012, Defendant Washtenaw served its Responses to Plaintiff's First Request for Production.  (*See id.*)  Plaintiff asserts that Defendant improperly objected to the requests, arbitrarily narrowed the scope of some of the requests, and improperly refused to produce certain documents without a protective order that Plaintiff believes is unjustified. (*Id.* at 4.)  After several months of continuous communication between counsel, Defendants filed their Motion for Protective Order, asking the Court to enter their proposed protective order over Plaintiff's objections.  (Docket no. 19.)  Plaintiff followed by filing his Motion to Compel, arguing that a more limited protective order is appropriate and that Defendants must also produce the remaining requested documents.[2]  (Docket no. 23.)

While the Parties waited for the Court's decision, they attempted to continue with discovery in this matter.  However, because "the materials [at issue in their outstanding motions] go to the heart of the factual issues in Plaintiff's complaint and are critical for the depositions of Defendants," Defendants refused to appear for their noticed depositions.  (*See* docket no. 43 at 2.)  Thus, Defendants filed their (second) Motion for Protective Order, asking the Court to limit Defendants' depositions to issues outside the scope of the disputed documents and asking the Court to extend the

---

[2]Plaintiff filed his Motion on September 25, 2012.  (Docket no. 23.)  Pursuant to E.D. Mich. L.R. 7.1(e)(2), Defendants were required to file their response by October 9, 2012. Defendants filed their response on October 29, 2012.  (Docket no. 29.)  Plaintiff argues that the Court should strike Defendants' response.

deadline for dispositive motion filing.  (Docket no. 34.)  Plaintiff then filed a (second) Motion to Compel, asking the Court to compel Defendants' depositions, acquiescing with Defendants' request to extend the motion filing dates, and asking for reasonable costs and attorney fees.  (Docket no. 36.)

## II.     Governing Law

### A.     Discovery Standard

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.  *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).  Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1).  "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed.R.Evid. 401.  But the scope of discovery is not unlimited.  "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce."  *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party.  Fed.R.Civ.P. 33, 34.  A party receiving these types of discovery requests has thirty days to respond with answers or objections.  Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). If the receiving party fails to respond to interrogatories or RFPs, Rule 37 provides the party who sent the discovery the means to file a motion to compel.  Fed.R.Civ.P. 37(a)(3)(B)(iii) and (iv).  If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the

4

motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust.  Fed.R.Civ.P. 37(A)(5)(a).

       **B.**     **Protective Order**

Rule 26(c) allows the Court to issue protective orders for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had, or that the disclosure or discovery be limited to certain matters.  Fed.R.Civ.P. 26(c).  The party seeking a protective order has the burden of showing that good cause exists for the order.  *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir.2001).  To show good cause, the movant must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on conclusory statements. *Id.*

**III.**    **Analysis**

In their various motions and responses, Plaintiff and Defendants set forth numerous issues and arguments.  Through their Joint Statement filed on October 31, 2012, the Parties have somewhat narrowed the remaining issues.  (*See* docket no. 31.)  While the Parties frame their unresolved issues in the form of nine questions set forth over eight pages, the Parties are, essentially, asking the Court to determine (1) whether the Court will consider Defendants' arguments in light of their late responses; (2) whether Defendants are entitled to a protective order and, if so, whether the scope of that order should include the right to file documents under seal; (3) whether Plaintiff is entitled to the production of the documents requested in his Request For Production (RFP) Nos. 1(a), 5, 6, 9, and 16, under a protective order; (4) whether Plaintiff is entitled to the documents that he requested in RFP Nos. 4, 7, 8, and 10; (5) whether Defendants have the right to redact information from the documents produced in response to RFP No. 14; and (6) whether Plaintiff is entitled to reasonable

5

costs and attorneys fees in bringing these motions.  (*See* docket no. 31.)

**A.    The Court will consider a Defendants' Response to Plaintiff's Motion to Compel despite Defendants' late filing.**

Defendants filed their Response to Plaintiff's Motion to Compel (docket no. 29) on October 29, 2012; Defendants' Response was due on October 9, 2012, pursuant to E.D. Mich. L.R. 7.1(e)(2). Plaintiff argues that Defendants' Response should, therefore, be stricken, and Defendants should be required to produce all of the documents that Plaintiff has requested.  (*See* docket no. 33 at 2.) Defendants assert that "their *Response* should be considered by this Court because it essentially encompasses the similar arguments as those set forth in their *Motion for Protective Order*." (Docket no. 31 at 3.)

It is axiomatic that Defendant's Motion for Protective Order (docket no. 19) and Plaintiff's Motion to Compel (docket no. 23) are intertwined.  Thus, to the extent that Defendants' Response encompasses the arguments set forth in their Motion, the Court must consider the portions of Defendants' Response that apply to RFP Nos. 1(a), 5, 6, 8, 9, and 16.

Defendants' Response, however, goes beyond the scope of their Motion for Protective Order; Defendants also raise arguments related to RFP Nos. 4, 7, 10, and 14.  With regard to RFP No. 4, the Court will consider Defendants' argument as it raises a possible statutory bar against production of the requested documents.  Assuming, arguendo, that Defendants are correct, the Court will not order them to violate a statute because they were late in filing a response.  With regard to RFP No. 7, Defendants argue that no such materials exist.  Plaintiff requests an affidavit stating the same; therefore, the Court will consider Defendants' argument in the interest of expediency.  With regard to RFP Nos. 10 and 14, the Court will reluctantly consider Defendants' argument because it raises concerns over the privacy rights of non-party officers.  Again, assuming, arguendo, that Defendants

are correct, the Court would be remiss to invade the privacy rights of non-party individuals without

considering Defendants' argument simply because Defendants filed a late response.

**B.    While Defendants waived their right to object to Plaintiff's First Request for Production, the Court will entertain some of Defendants' objections.**

Plaintiffs also assert that Defendants waived their right to object to any of the requested

production when they failed to file a timely response under Fed. R. Civ. P. 34.  (Docket no. 23 at

26-27.)  "As a general rule, failure to object to discovery requests within the thirty days provided

by Rules 33 and 34 constitutes a waiver of any objection."  *Carfagno v. Jackson Nat'l Life Ins., Co.*,

No. 99-118, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001) (citations and internal quotation

marks omitted).  But this is not a bright-line rule; "courts will examine the circumstances of each

case, including the reason for tardy compliance, prejudice to the opposing party, and the facial

propriety of the discovery requests, to determine whether enforcement of the waiver is equitable."

*Id.*

Defendants' objections, in general, are two-fold.  Defendants object to the scope of

production based on statutory limitations, the privacy rights of the Defendant officers, and the

privacy rights of non-party individuals.  The Court finds that waiving these objections based on

Defendants' tardiness in responding to Plaintiff's Request for Production would be inequitable.

Therefore, the Court will consider Defendants' objections to the extent that they raise questions of

statutory compliance or matters of privacy.  However, to the extent that Defendants argue that

certain discovery requests are irrelevant, overbroad, or unduly burdensome, the Court will not

entertain these objections.

**C.    Defendants' Motion for Protective Order, and Plaintiff's Motion to Compel**

Plaintiff asserts that he is entitled to all of the requested discovery because it is "relevant and

7

likely to lead to admissible evidence." (Docket no. 31 at 3.) Plaintiff does, however, acknowledge that a limited protective order is appropriate to alleviate any privacy concerns of the individual officers involved or any third-party officers. (*Id.*) Defendant asserts that some of the information Plaintiff requests is not discoverable; some of the information is discoverable but must only be produced pursuant to a protective order; and that any protective order must limit availability and knowledge of the documents to the attorneys of record, their support staff, and experts and witnesses. (*See* docket no. 19-2 at 2.) Defendant also argues that any information subject to the protective order should be filed under seal pursuant to E.D. Mich. L.R. 5.3. (*Id.*) Defendants have submitted a proposed protective order. (Docket no. 19-2.) Plaintiffs have suggested that a protective order requires only the redaction of any personal information and a provision limiting the use of these documents to the instant case. (*See* docket no. 24; docket no. 31.) Due to the privacy interests involved, the Court will grant Defendants' Motion for Protective Order, in part, but will limit the scope of the Order. Because each RFP (or group of RFPs) raises a disparate issue, the Court will address the scope of the protective order and the Parties' arguments related to each.

## 1. Request for Production No. 1(a)

Plaintiff's RFP No. 1(a) requests:

> The complete file and all documents within your possession, custody, or control . . . in any way related to the detention of Plaintiff Napier in the Washtenaw County Jail on or about July 16, 2008 through July 18, 2008, including but not limited to . . . [t]he entire internal affairs investigation regarding the incident giving rise to this lawsuit between Defendant Officer Scott Campbell and Plaintiff Napier.

(Docket no. 31 at 5 (omissions in original).) Plaintiff asserts that he is entitled to this information and that he is willing to stipulate to a protective order that redacts any of the officers' personal information. (Docket no. 24 at 8.) Defendant asserts that the information must be filed under seal

8

to comply with the confidentiality requirements of the Michigan Employee Right to Know Act (ERKA), M.C.L. § 423.509.  (Docket no. 19 at 9-10.)

Defendants argue, with regard to the internal-affairs investigation, that the application of Section 423.509 appears to be a matter of first impression.  (*See* docket no. 19 at 9.)  While the Court has addressed this question in light of M.C.L. §§ 423.506 and 423.507, finding that disciplinary reports, letters of reprimand, and other records of disciplinary action are not privileged documents, *Horton v. 48th Dist. Court*, No. 05-072356, 2006 WL 1064263 at *2 (E.D. Mich. Feb. 21, 2006) (Feikens, J.), section 423.509 requires a criminal-justice agency to keep a separate, confidential file for any matter involving "the investigation of an alleged criminal activity or the violation of an agency rule by the employee."  Mich. Comp. Laws. Ann § 423.509 (2) (West 2012).

In support of their argument, Defendants draw the Court's attention to *Newark Morning Ledger Co. v. Saginaw County Sheriff*, 514 N.W.2d 213 (Mich. App. 1994).  The parties' arguments in *Newark Morning Ledger Co.* centered around whether disclosure of an internal-affairs investigation was appropriate under the Freedom of Information Act (FOIA).  The plaintiff requested access to 14 years worth of internal-affairs records, and the court looked to the ERKA to determine the Legislature's intended treatment of investigatory records.  *Id.* at 217.  The court determined that "the Legislature intended that access to those records be severely restricted."  *Id.* The court reasoned that "[t]he Legislature would not have denied an employee access to documents that were readily available to the public pursuant to the FOIA."  *Id.*

Plaintiff argues that this case is inapposite because *Newark Morning Ledger Co.* is a FOIA case decided under Michigan law, and the instant issue is a discovery matter decided under the Federal Rules of Civil Procedure and the principles of 42 U.S.C. § 1983.  (Docket no. 24 at 17.)  As

9

Plaintiff asserts, "[t]here is strong public policy in favor of public access to judicial proceedings," and "[s]ealing court records . . . is a drastic step." (*Id.* at 13 (internal quotations omitted).) Moreover, in Section 1983 actions, the argument for suppression of documents must meet the traditional discovery requirements and must also satisfy the unique and important interest in allowing "[e]ach citizen to 'act[] as a private attorney general'" against a violation of individual liberties. (*Id.* at 13-14.) "The Court must balance the public's common law right of access against the interests favoring nondisclosure." *Sami v. Detroit Med. Ctr.*, No. 12-12660, 2012 WL 3945532, at *2 (E.D. Mich. Sept. 10, 2012) (Lawson, J.).

Plaintiff's argument, however, is why Defendants' reference to *Newark Morning Ledger Co.* is precisely on point. The ERKA dictates that an employee cannot see the internal affairs investigation related to his own file. And as the *Newark Morning Ledger Co.* court stated, "A person wishing to be hired by a law enforcement agency would be reluctant to work for such an agency if every complaint by disgruntled prisoners . . . were to be made public information." *Newark Morning Ledger Co.*, 514 N.W.2d at *218. Moreover, while the *Neward Morning Ledger Co.* court remanded the matter for a more detailed balancing of interests with the possibility of a proposed redaction as a compromise, the court noted that "[h]ad plaintiff requested the internal affairs records pertaining to a particular individual, redaction would serve no purpose." *Id.*

Here, Plaintiff is not requesting the records under the FOIA as a matter of public interest; Plaintiff's public interest argument stems from a general public policy in favor access to judicial proceedings. Thus, while Plaintiff characterizes his request in terms of public policy and individual liberty interests, discovery requests are made in an effort to uncover information "that is relevant to any party's claim or defense," not in an effort to force public disclosure of sensitive documents

10

or for the public good. *See* Fed. R. Civ. P. 26(b). Moreover, in addition to their ERKA argument, Defendants assert that public disclosure of internal-affairs investigations, in general, would chill the candor of officers who report violations. (Docket no. 19 at 9-10.) Thus, Defendants argue, a protective order with a sealing provision "provides Plaintiff's counsel with full disclosure without sacrificing the integrity of the internal investigation process . . . and without violating the [ERKA]." (*Id.* at 10.)

The Court agrees with Defendant with regard to this RFP. While the public has a right of access to judicial records, and while Plaintiff has a right to the documents that he has requested, these rights are mutually exclusive and can be easily distinguished. The Court finds that any chilling of the internal investigation process, or any decision that would dissuade an officer from reporting policy violations by his fellow officers, would cause greater harm to the public than would sealing the single investigation file requested by Plaintiff for use in his personal civil-rights claim *if* the document is ever filed with the Court. Therefore, the Court will grant Defendant's Motion for Protective Order in this regard. The Court will order that Defendants and Plaintiff submit a proposed protective order within 7 days that requires redaction of any personal and confidential information from such documents; that limits the use of such documents to this litigation; that limits the availability and knowledge of the documents to the attorneys of record, their support staff, and their experts and witnesses, including Plaintiff; that allows for the use of such documents if this matter proceeds to trial; and that requires such documents to be filed under seal pursuant to E.D. Mich. L.R. 5.1 if the documents are filed with the Court.[3]

---

[3]This provision does not give the Parties an unabridged right to file discovery materials with the Court. The Parties are still required to abide by Fed. R. Civ. P. 5(d)(1) and E.D. Mich. L.R. 26.2(a) with regard to filing discovery materials with the Court.

With regard to the remaining documents at issue in RFP No. 1(a), that is, any files related to Plaintiff's detention that are not part of the internal investigation, the Court finds that a more limited protective order is appropriate. Thus, to the extent that any other documents exist, the Court will order the Parties to include in the protective order a provision requiring the redaction of any personal and confidential information from any such documents.

The Court will further order Defendants to produce all documents responsive to this request within 21 days of this order.

### 2.    Request for Production No. 4.

Plaintiff's RFP No. 4 requests:

> The complete inmate file of Plaintiff Rodney Napier, including but not limited to all documentation and records of medical and/or psychological evaluations and/or treatment, disciplinary, and/or misconduct reports, intake records, and/or transfer records.

(Docket no. 31 at 6.) Defendants provided all of the responsive documents except Plaintiff's LEIN information, which Defendant asserted, "has been removed and remains available for inspection but not reproduction due to statutory requirements." (*See* docket no. 23 at 5.)

The Parties do not dispute the relevance of these documents. Instead, Defendants assert that Michigan's Criminal Justice Information Services Policy Council Act, M.C.L. § 28.214, prohibits public dissemination of LEIN information. (Docket no. 29 at 5.) Specifically, the Act makes it a criminal offense to provide LEIN information "to a private entity for any purpose . . . unless authorized by rule or law." Mich. Comp. Laws Ann. § 28.214(2)-(3). In support of their position, Defendants look to *People v. Elkhoja*, 651 N.W.2d 408, 427-28 (Mich. Ct. App. 2002) (Sawyer, J., dissenting) (reasoning adopted in *People v. Elkhoja*, 658 N.W.2d 153 (Mich. 2003)), in which Judge Sawyer recognized that a court order is not a rule or law authorizing such dissemination (because

12

such a rule would be based on circular logic): "the trial court [does not have] the authority to order release of the information [merely] because it entered an order to release the information." (*Id.* at 428.)

Nevertheless, in *Dupuie-Jarbo v. Twenty-Eighth Dist. Court*, No. 10-10548, 2010 WL 2813343, at *2 (E.D. Mich. July 14, 2010) (Cleland, J.), this Court found that Fed. R. Civ. P. 26(b)(1) was a "rule" that provides the Court with the authority to compel the production of any relevant materials. Thus, notwithstanding the *Elkhoja* court's decision, Judge Cleland ordered production of LEIN reports under Rule 26 (b)(1). This Court will, likewise, order Defendants to produce the LEIN report in question within 21 days of this order.[4]

### 3.    Request for Production Nos. 5, 6, 7, 8, 9, 10, and 14

Plaintiffs RFP Nos. 5, 6, 7, 8, 9, 10 , and 14 request as follows:

[#5] The complete personnel file of Defendant officers, including but not limited to all documentation and records of psychological evaluations, commendations, promotions, disciplinary reports, reports of misconduct, investigations and dispositions of all citizen complaints, and internal disciplinary investigations.

[#6] All documents within your possession, custody, or control relating to Defendant officers who have been terminated, suspended, removed, laid off, reduced in rank, reprimanded, disciplined, criminally prosecuted, or warned concerning any activities whatsoever within their capacity as correction officers.

[#7] Any and all documentation, including full and complete citations, of all other court actions, civil or criminal, in which any of Defendant officers are or were named parties.

---

[4]In *Dupuie-Jarbo*, Judge Cleland also ordered that the LEIN reports (and other documents) for the third-party individuals be produced with limited access to the attorneys of record. *Dupuie-Jarbo*, 2010 WL 2813343, at *2-3. Here, however, Plaintiff has requested his own LEIN report, which Defendants already have in their possession, custody, or control. Thus, there are no privacy concerns at issue in this discovery request, so the Court will order production of the LEIN report without a protective order.

[#8] The complete file regarding each and every citizen complaint, disciplinary action, internal investigation, and any other claims of misconduct against Defendant officers, whether initiated externally or through the filing of a citizen complaint or civil lawsuit, or internally as the result of disciplinary or code of conduct violations, including but not limited to incident reports, witness statements, citizen complaint forms, investigation records, dispositions and discipline, anything and everything in your possession, custody, or control pertaining to any and all claims against any or all of the officers.

[#9] Any and all documentation of training that Defendant officers received by or through Defendant County from their respective dates of hire up to and including July 18, 2008, including but not limited to: (a) use of force; (b) documenting prisoner complaints; and (c) preserving surveillance videos. Such documentation should include, but not be limited to, handbooks, manuals, handouts, audio/visual materials, and certificates of completion, acknowledgment forms or other documentation confirming the participation of Defendant officers in any such training.

[#10] Any and all documents pertaining to any and all claims or complaints against Defendant County and/or any Washtenaw County Jail correction officers, from January 1, 2004 through July 18, 2008, including but not limited to incident reports, witness statements, investigations and dispositions pertaining to all citizen complaints, civil lawsuits, criminal prosecutions against any officer(s), disciplinary actions, internal investigations, anything and everything in your possession pertaining to the filing and investigation of said claims or complaints arising from the following claims: a. Excessive force and/or assault and battery by and officer; and b. Destruction of evidence regarding a prisoner complaint.

[#14] All documents in your possession, custody or control that audit, monitor, track, and/or summarize internal investigations, disciplinary actions, citizen complaints, and/or lawsuits pertaining to Washtenaw County Jail and/or any of its correction officers from January 1, 2004 to present, including but not limited to periodic or annual summaries of alleged officer misconduct or early warning systems regarding claims of excessive force and/or assault and battery by an officer.

(*See* Docket no. 31 at 5-7.) Plaintiff has agreed to a limited protective order redacting any personal information, such as social security numbers, family members' information, phone numbers, and home addresses. (Docket no. 24 at 19.) Defendants argue that a protective order with an attorneys-eyes-only provision and a sealing provision is necessary to protect the officers' privacy and insure their safety. (Docket no. 19 at 10-12.) With the exception of Plaintiff's request for "internal

14

disciplinary investigations" (for the reasons articulated *supra*), the Court finds that redacting personal and confidential information in the documents will sufficiently protect the privacy interests at issue. Therefore, the Court will order the Parties to include in their proposed protective order a provision requiring the redaction of any personal or confidential information from documents subject to production under these RFPs. Any information related to the internal investigations must be produced according to the confidentiality provisions set forth above.

This, however, does not end the Court's inquiry. Defendants argue that Plaintiff's requests are overbroad in that they seek information on events that occurred after the incident in question (docket no. 19 at 13-15; docket no. 29 at 6-7). Defendants also appear to have attempted to limit their production to claims including "unreasonable or excessive use of force" or "failure to train, supervise, discipline or failure to preserve evidence." (*See* docket no. 23 at 31 (citing Def. Resp. to Pl. RFP No. 8.) Plaintiff argues that Defendant's narrowing of substance and narrowing of time is improper. (Docket no. 23 at 31-34.)

As noted, the Court will not entertain Defendants' objections with regard to relevance or overbredth. Nevertheless, the Court has the broad discretion to narrow discovery to relevant matters reasonably calculated to lead to the discovery of admissible evidence. Moreover, the Court addressed similar requests by Plaintiff's counsel in *Marmelshtein v. City of Southfield*, No. 07-15063, DKT #157 (E.D. Mich Apr. 25, 2012). In *Marmelshtein*, the Court found that the plaintiff's requests were overbroad and burdensome but that the plaintiff was entitled to some of the requested documents. Likewise, the Court finds that Plaintiff's requests here are overbroad in that they seek information not reasonably calculated to lead to the discovery of admissible evidence. For example, misconduct unrelated to the claims at issue in this matter is not discoverable. Additionally, the

15

Court finds that subsections (a) - (e) are overbroad in that they lack any time limitations for the documents requested.  Therefore, the Court will order Defendants to produce:

a.  [#5] Defendant officers' personnel files, including but not limited to all documentation and records of psychological evaluations, commendations, promotions, disciplinary reports, reports of misconduct, investigations and dispositions of all citizen complains, and internal disciplinary investigations related to acts concerning unreasonable or excessive use of force; failure to train, supervise, or discipline; or failure to preserve evidence from January 1, 2004, to present.

b.  [#6] All documents within Defendants' possession, custody, or control relating to Defendant officers who have been terminated, suspended, removed, laid off, reduced in rank, reprimanded, disciplined, criminally prosecuted, or warned within their capacity as correction officers, from January 1, 2004, to present, but such documents will be limited to acts concerning unreasonable or excessive use of force; failure to train, supervise, or discipline; or failure to preserve evidence.

c.  [#7] Any and all documentation, including full and complete citations, of all other court actions, civil or criminal, from January 1, 2004, to present, in which any of Defendant officers are or were named parties.

d.  [#8] The complete file regarding each and every citizen complaint, disciplinary action, internal investigation, and any other claims of misconduct against Defendant officers, from January 1, 2004, to present, whether initiated externally or through the filing of a citizen complaint or civil lawsuit, or internally as the result of disciplinary or code of conduct violations, including but not limited to incident reports, witness statements, citizen complaint forms, investigation records, dispositions and discipline, anything and everything in your possession, custody, or control pertaining to any claims against any or all of the officers related to acts concerning unreasonable or excessive use of force; failure to train, supervise, or discipline; or failure to preserve evidence.

e.  [#9] Any and all documentation of training that Defendant officers received by or through Defendant County from January 1, 2004, up to and including July 18, 2008, including but not limited to: (a) use of force; (b) documenting prisoner complaints; and (c) preserving surveillance videos.   And as requested, such documentation should include, but not be limited to, handbooks, manuals, handouts, audio/visual materials, and certificates of completion, acknowledgment forms or other documentation confirming the participation of Defendant officers in any such training.

16

    f.       [#10] Any and all documents pertaining to any and all claims or complaints against Defendant County and/or any Washtenaw County Jail correction officers, from January 1, 2004, through July 18, 2008, including but not limited to incident reports, witness statements, investigations and dispositions pertaining to all citizen complaints, civil lawsuits, criminal prosecutions against any officer(s), disciplinary actions, internal investigations, anything and everything in your possession pertaining to the filing and investigation of said claims or complaints arising from unreasonable or excessive use of force; failure to train, supervise, or discipline; or failure to preserve evidence.

    g.       [#14] All documents in your possession, custody or control that audit, monitor, track, and/or summarize internal investigations, disciplinary actions, citizen complaints, and/or lawsuits pertaining to Washtenaw County Jail and/or any of its correction officers from January 1, 2004, to present, including but not limited to periodic or annual summaries of alleged officer misconduct or early warning systems regarding claims of unreasonable or excessive use of force; failure to train, supervise, or discipline; or failure to preserve evidence.

Defendants are ordered to produce such materials within 21 days of this order. Such production, however, may exclude any privileged documents, including, for example, documents protected by the privilege for psychological and psychiatric records or the deliberative-process privilege.

With regard to some of the requested documents, however, Defendants assert that the information does not exist or is not in Defendants possession, custody, or control. Defendants cannot provide documents that they do not have. Nevertheless, because the parties could not resolve this issue without Court interference, the Court will order that if after reasonable effort, Defendants cannot locate any documents responsive to a particular request, Defendants must provide Plaintiffs with a sworn declaration describing with specificity the efforts they made to locate documents and declaring after making reasonable effort they cannot locate any documents within their possession, custody, or control that are responsive to the request.

### 3.    Redaction of the List of Court Actions

Defendants provided a highly redacted copy of a list of Court actions in response to RFP

Nos. 7, 10, and 14.  (*See* docket no. 23-21.)  Plaintiff argues that the documents are so heavily redacted that it "do[es] not come close to complying with Plaintiff's discovery requests."  (Docket no. 23 at 35.)  Defendants argue that is it is "reasonable to redact the names and addresses of non-involved citizens, and those matters not related to [] Plaintiff's claims."  (Docket no. 29 at 9 (citing *Shirley v. Eastpointe*, 2012 U.S. Dist. LEXIS 61972, *11-12 (E.D. Mich. 2012) (Majzoub, M.J.).)  Defendants contend that because Plaintiff alleges the use of excessive force, assault and battery, and destruction of evidence, it is reasonable to redact any other matters in the listing.  (*Id.* at 9-10.)

In principle, the Court agrees with Defendants.  To the extent that the information listed in the redacted report is not related to Plaintiff's claims, it would be reasonable to redact the names and addresses of non-involved citizens.  Nevertheless, the document at issue is so highly redacted that the Court cannot determine whether Defendants' redactions are reasonable.

In reviewing the document, it appears that there are two distinct sections: pages 1-7, and pages 8-11.[5]  (*See* docket no. 23-21.)  In the first section, there are four columns of information: (1) the claim number; (2) the names of the parties; (3) a date of some sort; and (4) the nature of the claim.  (*See id* at 1-7.)  In the second section, there are 21 columns, labeled A through S, containing similar information broken down in a more detailed fashion.  (*See id.* at 8-11.)  The Court sees no reason to redact any information other than the names, addresses, and any other personal information of non-parties.  Therefore, the Court will order Defendants to produce the document with only confidential information redacted; that is, Defendant may not redact claim or complaint numbers, any dates, the nature of the claims or complaints, the resolution of the claims or complaints, the corrective action taken, or any non-personal comments.

_____

[5]Pages 12-31 appear to be a blown-up version of pages 8-11.  (*See* docket no. 23-21.)

18

### 4.       Request for Production No. 16

Plaintiff's RFP No. 16 requests:

> Access by Plaintiff's counsel and/or their agents, at a date and time that is reasonably acceptable to all parties within the next 30 days, to inspect and photograph Holding Cell 2 in the Washtenaw County Jail where Plaintiff Napier was held on or about July 16, 2008, including video surveillance systems in place in that area.

(Docket no. 31 at 6.)  On July 3, 2012, a site inspection occurred, and photographs were taken by Washtenaw's agent.  (*Id.* at 2.)  Plaintiff has requested copies of the photographs, and Defendant has refused to produce them without a protective order that includes an attorneys-eyes-only provision or a sealing provision.  (Docket no. 29 at 11.)

Defendants appears to be primarily concerned with maintaining institutional security; that is, Defendants do not want pictures of the inside of the Washtenaw County Jail distributed to the public.  (*See id.*)  Plaintiffs oppose any sealing or attorneys-eyes-only provision, and  Plaintiff appears to only be concerned with discovery of the photographs and with the ability to use the photographs at trial.  (*See* docket no. 24 at 19-20; docket no. 33 at 5.)

The Court agrees with Defendants that it serves no purpose or public service to provide photographs of the inside of the jail to the public.  And as Defendants argue "[m]aintaining internal security is of the utmost concern in a jail or prison setting."  (Docket no. 29 at 11.)  Therefore, the Court will grant Defendants' Motion for Protective Order with regard to this issue.  The Court will order that the Parties submit a proposed protective order that requires that limits use of the photographs to this litigation; that limits the availability and knowledge of the photographs to the attorneys of record, their support staff, and their experts and witnesses, including Plaintiff; that allows for the use of the photographs if this matter proceeds to trial; and that requires the

19

photographs to be filed under seal pursuant to E.D. Mich. L.R. 5.1 if they are filed with the Court.[6]

The Court will order that Defendants produce the photographs within 21 days of this order.

### G.   Defendant's (second) Motion for Protective Order and Plaintiff's (second) Motion to Compel.

Defendant's Motion for Protective Order (docket no. 34) and Plaintiff's Motion to Compel (docket no. 36) ask the Court to address whether Defendants have the right to refuse production of the materials at issue in their prior motions or to refuse production of Defendants for depositions until after the Court has ruled on the prior motions.  The Court has ruled on the prior motions herein; thus, the Parties' Motions are moot in that regard.

The Parties also request that the Court enter a scheduling order extending the deadlines for discovery and dispositive motions.  (Docket no. 34 at 7; docket no. 38 at 24.)  The Court will enter a new scheduling order in light of this Opinion and Order.

### H.   Plaintiff has not been prejudiced in his ability to prepare for this case due to Defendants' actions.

Plaintiff argues that Defendants' behavior is obstructionist and that Plaintiff has been prejudiced by Defendants' delays in producing the requested materials.  (*See* docket no. 43 at 3.) Plaintiff, therefore, requests reasonable costs and attorneys fees.  The Court finds that Plaintiff has not been prejudiced by any of the delays at issue in this matter because the Court will amend the scheduling order accordingly.  Moreover, the Court has found many of Defendants' requests for protective order to be meritorious.  Because of the privacy interests and the questions of law involved in this discovery dispute, the Court does not find that Defendants were unjustified in

---

[6]This provision does not give the Parties an unabridged right to file discovery materials with the Court.  The Parties are still required to abide by Fed. R. Civ. P. 5(d)(1) and E.D. Mich. L.R. 26.2(a) with regard to filing discovery materials with the Court.

waiting for a ruling before disclosing the requested information.  Therefore, the Court will not award Plaintiff attorneys fees.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Protective Order [19] is **GRANTED IN PART AND DENIED IN PART** as follows:

    a.      The Parties are ordered to submit within 7 days a proposed protective order that:

        i.      requires redaction of any personal and confidential information from documents subject to production under the RFPs at issue in these Motions;

        ii.      limits the use of internal investigation files or photographs from inside Washtenaw County Jail to use for purposes of this litigation;

        iii.      limits the availability and knowledge of internal investigation files or photographs from inside Washtenaw County Jail to the attorneys of record, their support staff, and their experts and witnesses, including Plaintiff;

        iv.      allows for the use internal investigation files or photographs from inside Washtenaw County Jail if this matter proceeds to trial; and

        v.      requires internal investigation files or photographs from inside Washtenaw County Jail to be filed under seal pursuant to E.D. Mich. L.R. 5.1 if the documents are filed with the Court.

    b.      Defendants' Motion for Protective Order is denied with respect to any other request.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel [23] is **GRANTED IN PART AND DENIED IN PART** as follows:

    a.      Defendants are ordered to produce within 21 days:

        i.      all documents responsive to Plaintiff's RFP No. 1(a);

        ii.      the LEIN report requested in Plaintiff's RFP No. 4;

        iii.      all of the documents set forth herein at Section III.C.3.a-g, *supra* at 16-17;

    iv.    the list responsive to Plaintiff's RFP Nos. 7, 10, and 14 with only confidential information redacted; that is, Defendant may not redact claim or complaint numbers, any dates, the nature of the claims or complaints, the resolution of the claims or complaints, the corrective action taken, or any non-personal comments; and

    v.    the photographs responsive to Plaintiff's RFP No. 16.

b.    Defendants' production pursuant to this Order will be subject to the provisions of the protective order that the Parties are ordered to submit herein.

c.    Plaintiff's Motion to Compel is denied with respect to any other request.

**IT IS FURTHER ORDERED** that Defendants' Motion for Protective Order [34] and Plaintiff's Motion to Compel [36] are **DENIED** as moot in light of this Opinion and Order.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: April 5, 2013        s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: April 5, 2013        s/ Lisa C. Bartlett
                            Case Manager

22